**Electronically Filed
Intermediate Court of Appeals
30632
26-NOV-2010
11:26 AM**

NO. 30632

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,

v.

BONNIE LEE SANIDAD RARANGOL, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0641)

ORDER REGARDING APPELLANT'S OCTOBER 1, 2010
MOTION FOR AN EXTENSION OF TIME TO FILE STATEMENT
OF JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION WITHOUT PREJUDICE
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Defendant-Appellant Bonnie Lee

Sanidad Rarangol's (Appellant Rarangol) October 1, 2010 motion

for an extension of time to file a statement of jurisdiction, or

in the alternative, motion to dismiss appeal for lack of

appellate jurisdiction without prejudice (October 1, 2010 motion)

and (2) the record, it appears that the Honorable Michael D. Wilson's June 30, 2010 judgment and July 26, 2010 amended judgment are not appealable judgments pursuant to Hawaii Revised Statutes (HRS) § 641-11 (Supp. 2009). We therefore grant Appellant Rarangol's October 1, 2010 motion to the extent that Appellant Rarangol alternatively requests that we dismiss this appeal, without prejudice, for lack of jurisdiction.

We initially note that both the June 30, 2010 judgment and the July 26, 2010 amended judgment indicate that the circuit court intended to additionally sentence Appellant Rarangol to restitution in an amount that the circuit court would determine at some time in the future. "The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). "Any party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the intermediate appellate court, subject to chapter 602 in the manner and within the time provided by the rules of the court." HRS § 641-11. "The sentence of the court in a criminal case shall be the judgment." Id. Based on the reference in the June 30, 2010 judgment and the July 26, 2010 amended judgment to the future imposition of restitution as a part of Appellant Rarangol's sentence, both the June 30, 2010 judgment and the July 26, 2010 amended judgment appear to be non-final. Under similar circumstances in an appeal from a district court case, we explained that

> [j]udgments of conviction are not final unless they include
> the final adjudication and the final sentence. In the
> instant case, the sentence imposed was not the final
> sentence because the district court expressly left open the
> possibility that its sentence of Kilborn might include an

-2-

order requiring Kilborn to pay restitution. The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.

Accordingly, IT IS HEREBY ORDERED that the appeal from the December 5, 2003 Judgment is dismissed for lack of appellate jurisdiction.

State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005). Based on the language in the June 30, 2010 judgment and the July 26, 2010 amended judgment indicating an intent to include an additional sentence of restitution at some time in the future, the June 30, 2010 judgment and the July 26, 2010 amended judgment are not appealable final judgments pursuant to HRS § 641-11.

In Appellant Rarangol's November 18, 2010 statement of jurisdiction, Appellant Rarangol's counsel has submitted a photocopy of a November 10, 2010 second amended judgment that appears to include the final sentence that the circuit court imposed against Appellant Rarangol, including restitution in the amount of $1,000.00. However, Appellant Rarangol's notice of appeal filed on July 27, 2010 was premature and does not effect an appeal from the November 10, 2010 second amended judgment. Therefore,

IT IS HEREBY ORDERED that Appellant Rarangol's October 1, 2010 motion for an extension of time to file a statement of jurisdiction, or in the alternative, motion to dismiss appeal for lack of appellate jurisdiction without prejudice is granted to the extent that Appellant Rarangol alternatively requests dismissal of this appeal for lack of appellate jurisdiction. Appellate court case number 30632 is

-3-

dismissed without prejudice to Appellant Rarangol asserting a timely appeal from an appealable final judgment in Criminal No. 10-1-0641.

DATED: Honolulu, Hawai'i, November 26, 2010.


Presiding Judge


Associate Judge


Associate Judge